[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 7, 2005
THOMAS K. KAHN
CLERK

No. 05-12060
Non-Argument Calendar
_____

BIA Agency No. A78-502-898

ERDONG ZHENG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 7, 2005)

Before ANDERSON, BIRCH  and DUBINA, Circuit Judges.

PER CURIAM:

Erdong Zheng petitions for review of the Board of Immigration Appeals' ("BIA's") orders affirming the immigration judge's ("IJ's") order of removal and denying withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT relief"), 8 C.F.R. § 208.16(c), and the BIA's order denying reconsideration of the ruling. On appeal, Zheng argues that the BIA abused its discretion by denying his motion to reconsider because the underlying removal order was defective. Zheng contends that the removal order was defective because the IJ improperly applied *Matter of J-E-*, 23 I. & N. Dec. 291 (BIA 2002), because in this case (1) torture is widespread in China; (2) torture is used as a matter of policy; and (3) torture is a pattern and practice in China, rather than an "isolated incident of mistreatment." He further asserts that the IJ erred by ignoring (1) descriptions in the record of widespread torture in China, and (2) Zheng's testimony regarding his fear of torture if removed to China.

Zheng then argues that the IJ's decision denying CAT relief was not supported by substantial evidence because (1) the IJ ignored evidence in the record that was inconsistent with his findings but favorable to Zheng, including the fact that first-time returnees to China are often given three months of incarceration and detainees are often interrogated and tortured; and (2) the IJ ignored evidence that China is a repressive regime and will ignore its own law to suit its own purposes.

2

Zheng asserts that the IJ overlooked evidence that torture was pervasive and widespread in China, evidence of China's flagrant violations of human rights, and Zheng's testimony regarding his fear of torture if removed to China. He concludes that this evidence established his eligibility for CAT relief. In response, the Attorney General argues, in part, that we lack jurisdiction over the BIA's first order affirming the IJ's decision.

As an initial matter, we conclude from the record that we lack jurisdiction to consider Zheng's issues and arguments regarding the merits of his CAT relief claim. Under § 242(a)(1), (b)(1) of the INA, a petitioner has 30 days from the date of the final order of removal to seek review in this court. 8 U.S.C. § 1252(a)(1), (b)(1). Zheng failed to meet this deadline by filing his petition for review with this court on April 14, 2005, over five months from the issuance of the BIA's final order of removal on October 27, 2004. Since the statutory limit for filing a petition for review in an immigration proceeding is "mandatory and jurisdictional," it is not subject to equitable tolling. *See Stone v. INS*, 514 U.S. 386, 405-06, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995) (construing the former 90-day period for filing a petition for review under the INA § 106(a)(1), 8 U.S.C. § 1105a(a)). Furthermore, the filing deadline is not suspended or tolled by the fact that Zheng filed a motion to reconsider 30 days after issuance of the final order of removal. *Id.* at 395-96, 115 S.Ct. at 1544-45. Therefore, we do not have jurisdiction to review

3

Zheng's claim as it relates to his final order of removal, and we dismiss the petition to the extent Zheng challenges the BIA's order affirming the IJ's removal order.

Turning to the motion for reconsideration, "[w]e review the BIA's denial of a motion to reconsider for abuse of discretion." *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003), *cert. denied*, *Assa'ad-Faltas v. Ashcroft*, 125 S.Ct. 38 (2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir.2003) (internal quotation marks and citation omitted).

A "motion [for reconsideration] shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C) (2005). Motions to reconsider are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the [removable] alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992) (discussing motions to reopen). "A motion to reconsider asserts that at the time of the Board's previous decision an error was made." *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001) (citation omitted). When the BIA reconsiders one of its prior decisions, "it takes itself back in time and looks at the

4

case as though a decision had never been entered.  Thus, if it grants the motion, the Board considers the case anew as it existed at the time of the original decision." *Id.*

We conclude from the record that the BIA did not abuse its discretion by denying Zheng's motion for reconsideration.  The substance of Zheng's motion for reconsideration was arguments that were or could have been raised in Zheng's initial brief before the BIA.  Additionally, Zheng has not shown that the BIA did not consider the evidence he claims it overlooked.  Therefore, the BIA did not abuse its discretion by denying the motion for reconsideration, and we deny the petition to the extent it challenges the BIA's order denying reconsideration.

**PETITION DISMISSED IN PART AND DENIED IN PART.**